**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SOUTHWIND RISK RETENTION GROUP, INC.** | § | |
| | § | |
| | § | |
| | § | |
| | § | **CIVIL NO: 1:26-cv-01515** |
| **v.** | § | |
| | § | |
| **E&I CARRIERS, LLC, SIMON PEDRO CARRANZA ALDAPE, AND SAMANTHA TRIAMPOL** | § | |
| | § | |
| | § | |

**ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Southwind Risk Retention Group, Inc., (hereinafter "Southwind") complains of Defendants E&I Carriers, LLC ("E&I"), Simon Pedro Carranza Aldape ("Carranza") and Samantha Triampol ("Triampol") and alleges as follows:

## I. Parties

1. Plaintiff Southwind is a corporation organized under the laws of North Carolina, with its principal place of business in Wilmington, North Carolina, and is authorized to do business in the State of Texas as a surplus lines carrier. These factual assertions are supported by Exhibit A, the Declaration of Julie Campbell.

2. Defendant E&I Carriers is a Limited Liability Company, organized under the laws of the State of Texas with its principal place of business at 20 Skyline Road #B in Dale, Texas, 78616. It operates under USDOT Number 404447. Upon information and belief, its constituent members are residents of Texas. It may be served through its registered agent for service, Emmanuel Carranza Aldape, at that address.

3. Defendant Carranza is citizen of Mexico, who may be served at 20 Skyline Road, Dale, Texas, 78616.

4. Defendant Triampol is an individual whose residence is Travis County, Texas. She may be served at 513 Sendero Verde St., Manchaca, Texas 78652-4723, and a courtesy copy of this petition is being served on her lawyer, Andrea A. Mitrache, The Law Offices of Thomas J. Henry, 5711 University Heights, Suite 101, San Antonio, Texas 78249.

## III. Jurisdiction and Venue

5. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of a different state than Defendants, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. The Court has personal jurisdiction over the Defendants because they are citizens and residents of the state of Texas and/or do business in Texas.

6. This is an action for a Declaratory Judgment declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, and Texas Civil Practice and Remedies Code Chapter 37. Venue is proper because a substantial part of the events giving rise to this action occurred within Caldwell and/or Bastrop County, Texas, and therefore the Austin Division of the United States District Court for the Western District of Texas is the proper federal district court to address the issues.

## III. Factual Background

7. On June 27, 2023, Southwind issued a policy of insurance ("the Policy") to E&I Carriers as named insured for a policy period from June 27, 2023, until June 27, 2024. A true and correct copy of that Policy, SWR-TX-0001378-23, is attached hereto as Exhibit A1 to the Declaration of Julie Campbell and is incorporated by reference as if set forth at length herein.

8. The Policy provides for coverage for accidents involving E&I vehicles, but with specific endorsements and exclusions, including an endorsement that provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**NON TRUCKER LIABILITY EXCLUSION ENDORSEMENT**

The liability coverage of this policy is modified as follows: Any claim for property damage, bodily injury, or any other claim which arises from an occurrence where the power unit is not under dispatch or is not hauling cargo is excluded from coverage. This policy does not cover bobtail liability or any liability that arises when the power unit is not engaged in hauling cargo or under dispatch.

All other terms, conditions, exclusions and limitations of the policy remain in effect.

9. The policy also contains a further endorsement that provides as follows:

**SCHEDULED DRIVER ENDORSEMENT**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

The Policy shall provide no coverage while a scheduled ‘auto’ is being used or operated by any individual other than the drivers listed in the Scheduled Driver Endorsement. No coverage shall be provided under the terms of this Policy to any individual operating a scheduled ‘auto’ who has not been underwritten and approved by the Company and listed herein.

Drivers shall be scheduled as approved drivers, subject to underwriting review and approval. Driver(s) will be added to the Policy at 12:01 am, 2 business days following the Company’s receipt of written request from the insured to endorse a driver(s), subject to underwriting approval. No changes will be accepted via a telephone request. Written request must include (requests may be faxed or emailed to the Company):

1. A clear copy of current driver license and MVR Abstract.
2. Effective Date.
3. Policy Number and Name of the insured.

**SUMMARY OF DRIVER QUALIFICATIONS**

Minimum underwriting guidelines require the following terms to be met by each applicant:

1. Driver shall be between the ages of 25 and 65 years old. Drivers over the age of 65 may be eligible for approval upon the Company's review of the driver's medical statement.
2. No driver shall have accumulated more than 3 violations. MVR's are subject to the Company's review at any time during the term of the Policy. The total eligibility points shall be prior to any forgiveness earned. It is, however, the responsibility of the insured to notify the Company of any infractions or violations that would cause one of it's drivers to become non-qualified for coverage under the Company's underwriting guidelines.
3. Hold a current valid commercial driver's license applicable to the class of the vehicle operated for at least 2 years. If the applicant had a license from more than one state in the past two years, it is the applicant's responsibility to provide proofs of out of state license.
4. A driver(s) driving rights must not have been suspended during the last year.
5. A driver(s) must not have any DUI/DWI convictions or any major violations within the past five years.
6. A driver(s) may not have more than 1 at fault accident within 3 years.
7. A driver may be disqualified if it is determined that he/she has been convicted or pled guilty to violations of any motor vehicle code and shows a propensity to be reckless or indifferent to the public health, safety or welfare of others.
8. A driver(s) must be certified to be physically and mentally fit by a health care provider. Company reserves its right to require a copy of medical certification during the term of the policy and at inception.

Drivers not meeting minimum underwriting guidelines will not be endorsed, unless approved by underwriting. It is the policy holder's responsibility to ensure that all its drivers are listed and qualified under this endorsement.

It is an express condition of this policy that non-scheduled and nonapproved drivers will not operate insured vehicles, and if liability arises from such operation it is the Insured's responsibility. Any costs incurred by the Southwind Risk Retention Group, Inc. as a result of claims arising out of the operation of insured vehicles by non-insured and/or non-approved drivers will be reimbursed to the Company by the Insured within 15 days of the demand.

10. The policy contains an additional endorsement that notes:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

**SCHEDULED DRIVER COVERAGE LIMITATION**

It is warranted by the Named Insured that drivers utilized in the "insured's" operation are specifically identified and scheduled in the policy.

No coverage is provided for any claim arising from an "accident" or "loss" involving a motorized vehicle being operated by an unscheduled driver. This includes any claim for damages made against any Named Insured, resident relative, or any other person or organization that is vicariously liable for an accident or loss arising out of the operation of a motorized vehicle by a driver unscheduled on the policy.

Should the Company pay sums the "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto" and it is subsequently discovered the "accident" involved unscheduled drivers, the Company reserves the right to seek reimbursement from the Named Insured of all sums paid, to the extent permitted by law.

11. The policy contains an additional endorsement that notes:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**PUNITIVE, EXEMPLARY AND EXTRA CONTRACTUAL DAMAGE EXCLUSION**

This policy does not insure against or provide indemnity for extra contractual damages, fines, penalties, exemplary or punitive damages or any other type or kind of judgement or award which does not compensate the party benefiting from the award or judgement for any actual loss or damage sustained.

This exclusion applies to all coverages provided under this policy.

12. On March 13, 2024, Defendant Triampol was driving her vehicle in Bastrop County, Texas, when she was involved in an accident with an E&I Carrier truck being operated

by Defendant Carranza ("the Accident"). As a result of the accident, Ms. Trimpol claimed personal injuries and later retained Thomas J. Henry to represent her for her alleged damages. Mr. Henry filed a petition for personal injury on behalf of Ms. Trimpol against E&I and Carranza in Cause Number 2673-335 in the 335th District Court of Bastrop County, Texas (the "Underlying Case"). A true and correct copy of that petition is attached to this Complaint as Exhibit B.

13. On November 13, 2025, the deposition of Defendant Carranza was taken in the Underlying Case. A true and correct copy of that deposition is attached to this Complaint as Exhibit C. During the course of that deposition, Mr. Carranza repeatedly testified under oath that at the time of the accident made the basis of the above suit, the truck he was driving was empty, had no cargo, and that he was returning from a trip to the gas station. *See* Exhibit C at 16, 54 and 63. Furthermore, Southwind's records indicate that Mr. Carranza was not initially scheduled as a driver on the policy and no request to add him to the policy as a scheduled driver was made until March 14, 2024, the day after the accident. *See* Exhibit A, A1.

14. E&I and Carranza have sought defense and indemnity benefits under the Policy for the accident with Ms. Triampol. Ms. Trimpol is not an insured under the Policy, but is a person interested in the coverage issues who would not likely be bound by any decision by this Court as to those issues without being a party to this case and is included for that reason.

## IV. CAUSE OF ACTION - SUIT FOR DECLARATORY JUDGMENT

15. Southwind hereby incorporates by reference the preceding paragraphs as if set forth in their entirety herein.

16. Real and justifiable controversies have arisen and now exist between Southwind, E&I, Carranza and Triampol for which Southwind desires a declaration of rights concerning the

contractual obligations of Southwind to pay for the defense costs and any indemnity arising out of the Policy with regard to the Underlying Case. A declaratory judgment is necessary because Southwind and the Defendants disagree over the interpretation and application of the Policy's terms and conditions as to the obligations of Southwind with regard to the Underlying Case and the respective duties of the parties.

17. Southwind brings this case pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202 and Texas Civil Practice and Remedies Code Chapter 37. Under those statutes, Southwind requests that the Court declare and decide the following issues:

a. That Southwind is not obligated to defend E&I or Carranza related to the Underlying Case because there is no coverage under the Policy for the accident made the basis of that suit under the above provisions;

b. That Southwind is not obligated to indemnify E&I or Carranza related to the Underlying Case because there is no coverage under the Policy for the accident made the basis of that suit under the above provisions;

c. That Southwind may withdraw from the defense of E&I and Carranza in the Underlying Case;

d. That any claim for exemplary or punitive damages against E&I and Carranza is not covered by the policy, and

e. That E&I is obligated to reimburse Southwind for all amounts spent to date in the defense of the Underlying Case;

Southwind further requests that the Court make such other and further declarations as may be appropriate.

18. All conditions precedent to this action have been met or waived.

## V. ATTORNEYS' FEES

19. Should Southwind prevail in this lawsuit, it is entitled to an award of attorneys' fees under the contract and pursuant to Texas Civil Practice and Remedies Code Chapter 38.

The claims underlying the declaratory relief sought by Southwind are contractual in nature, and Chapter 38 allows recovery of attorneys' fees in contract actions.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Southwind respectfully requests that Defendants be cited to appear herein, that the Court enter the declarations specified above, that Southwind recover its attorneys' fees and for such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted, this 3rd day of June, 2026.

Respectfully submitted,

/s/ James M. Parker, Jr.

JAMES M. PARKER, JR.
State Bar No. 15488710
NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 731-6364
Facsimile: (210) 785-2964
jparker@namanhowell.com
**ATTORNEY FOR PLAINTIFF SOUTHWIND RISK RETENTION GROUP, INC.**